■ GREENWOOD PACKING CORP., Appellant, v RICHARD I. NEWMAN et al., Respondents, et al., Defendants.—In an action to foreclose a mortgage, the plaintiff appeals from a judgment of the Supreme Court, Rockland County (Miller, J.), dated July 6, 1987, which, *inter alia,* canceled the mortgage and discharged the individual guarantor defendants of any and all liability arising out of it.

Ordered that the judgment is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The mortgage at the heart of this controversy was executed by the respondent guarantors, then husband and wife, on their home, to secure the debt of the respondent Upstate Wholesale Meats, Inc., (hereinafter Upstate) which, in partial consideration thereof, was granted a $75,000 line of credit by the appellant Greenwood Packing Corp. (hereinafter Greenwood). Within approximately one year of the execution of the collateral security agreement between Upstate and Greenwood, however, Upstate's indebtedness to Greenwood exceeded $175,000.

While we agree with Greenwood that its miscalculation of interest on Upstate's account did not constitute a material alteration of the terms of the agreement as the calculations were corrected and hence the guarantors were not prejudiced thereby, the trial court nevertheless correctly discharged the guarantors' obligations under the agreement.

Under the particular facts of the instant case, the collateral security agreement and the mortgage both clearly indicated that the parties intended that Upstate would not become indebted to Greenwood for more than $75,000 at any one time. Under such circumstances, where the debtor and creditor exceed the contemplated debt ceiling, the guarantors are discharged of their liability (see, Community Natl. Bank & Trust Co. v Cognetta, 88 AD2d 897; Farmers' & Mechanics' Bank v Evans, 4 Barb 487). The reason for this result is that the guarantors never intended to guarantee a debt in excess of $75,000. The creditor's extension of credit in excess of that amount, however, increased the guarantors' risk without their consent and accordingly they are discharged of all liability under their guarantees (see, Community Natl. Bank & Trust Co. v Cognetta, supra; Farmers' & Mechanics' Bank v Evans, supra; see generally, 63 NY Jur 2d, Guaranty and Suretyship, §§ 187-188).

We have examined Greenwood's remaining contentions and find them to be without merit. Thompson, J. P., Kunzeman, Spatt and Balletta, JJ., concur.